**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL O. DEVAUGHN, | No. 08-56947 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-00258-DSF-SH |
| v. | |
| STANLEY SNIFF, Sheriff of Riverside County, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| MICHAEL O. DEVAUGHN, | No. 10-55281 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-07972-TJH-SH |
| v. | |
| STANLEY SNIFF, Sheriff of Riverside County, | |
| Respondent - Appellee. | |

Appeals from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding (No. 08-56947)
Terry J. Hatter, District Judge, Presiding (No. 10-55281)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 31, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

The government represented that DeVaughn's Riverside trial has begun, and that the state court has now ruled on his pretrial motions. At oral argument, DeVaughn's counsel could not identify any specific motion that is still outstanding. DeVaughn's appeal No. 08-56947, to the extent it challenged lack of ruling on prior motions, is therefore moot. *See San Lazaro Ass'n v. Connell*, 286 F.3d 1088, 1095 (9th Cir. 2002). DeVaughn's appeal is dismissed in part as to his challenge to delayed ruling on pretrial motions.

To the extent DeVaughn argues that he cannot be forced to stand trial because the state has failed to follow its own pretrial commitment procedures, the district court properly abstained. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148–49 (9th Cir. 2007). The ongoing proceedings involve important state interests, and DeVaughn may adequately raise the issue through state appellate procedures. *See Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019–20 (9th Cir. 1999). For our court to intervene would interfere with the state criminal prosecution in a way precluded by *Younger v. Harris*, 401 U.S. 37 (1971).

The district court also properly abstained from intervening in DeVaughn's Los Angeles prosecution. *See id*. Those ongoing proceedings also implicate the state's interest in administering its criminal justice system, and DeVaughn can adequately challenge any pre-trial delays at trial or through state appellate procedures. *See AmerisourceBergen*, 495 F.3d at 1148–49. Ordering the dismissal of the charges as DeVaughn requests would effectively enjoin the proceedings. *See id.* at 1149. He has not shown special circumstances justifying such federal intervention, as the multiple prosecutions do not demonstrate bad faith or harassment. *See Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980). Because the district court properly abstained, we need not address whether exhaustion was required.

The motions for judicial notice are granted. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). We decline to address the uncertified issues raised in DeVaughn's brief, because these uncertified issues are not fairly debatable. *See Rhoades v. Henry*, 598 F.3d 511, 515 n.6 (9th Cir. 2010).

Pursuant to General Order 4.5(e), the panel determines that each party shall bear its own costs. It is so ordered.

**DISMISSED IN PART, AFFIRMED IN PART**.